**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| KRYSTAL SMITH, TRUMAINE HARDY, | ) | |
| BRYCE LUCAS, BENJAMIN CREECH, | ) | No. 17-cv-01809 |
| JEFFREY O'MALLEY, ROBERT HENRY, | ) | |
| ETHAN JANTZ, CHRIS COWDREY, | ) | |
| GABRIELA CAMPOS, and TAYLOR STEELE | ) | |
| *on behalf of themselves individually, and* | ) | |
| *on behalf of all others similarly situated* | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BOW & TRUSS, LLC, DOEJO, LLC; | ) | |
| PHILIP TADROS, and DARREN MARSHALL | ) | |
| Defendants | ) | |

**PLAINTIFFS' FIRST AMENDED CLASS / COLLECTIVE ACTION COMPLAINT**

COME NOW Plaintiffs, Krystal Smith, Trumaine Hardy, Bryce Lucas, Benjamin Creech, Jeffrey O'Malley, Robert Henry, Ethan Jantz, Chris Cowdrey, Gabriela Campos, and Taylor Steele, on behalf of themselves individually, and on behalf of all others similarly situated, known and unknown, by and through their counsel, Cameron & Kane, LLC, and for their First Amended Class and Collective Action Complaint ("Complaint") against Defendants, Bow & Truss, LLC ("Bow Truss"), Doejo, LLC ("Doejo"), Philip Tadros ("Tadros"), and Darren Marshall ("Marshall"), state as follows:

## I.     NATURE OF COMPLAINT

1. This complaint seeks relief for past and present Bow Truss employees, whom Defendants (1) failed to pay employees' wages in a timely or complete fashion; (2) failed to pay employees' overtime wages; and (3) made unlawful deductions from employees' wages.

2. Employees' causes of action arise under: (a) The Fair Labor Standards Act (FLSA), 29

U.S.C. § 201, *et seq.*; (b) The Illinois Wage Payment and Collections Act (IWPCA), 820 ILCS 115/1, et *seq.*; (c) The Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.*; and (d) The Chicago Minimum Wage Ordinance (CMWO) Chi., Ill. Mun. Code § 1-24-010 *et seq.*

3. For all claims, Plaintiffs bring this suit both individually and as a class action pursuant to Federal Rule of Civil Procedure 23.

4. For the claims arising under the FLSA, Plaintiffs bring this suit both individually and as a collective action pursuant to 29 U.S.C. § 216(b).

5. For the claims arising under the IWPCA, Plaintiffs bring this suit both individually and on behalf of themselves and other employees similarly situated pursuant to 820 ILCS 115/11.

## II.    JURISDICTION, PARTIES, AND VENUE

6. This Court has subject matter jurisdiction over Plaintiffs': (a) FLSA claims pursuant to 29 U.S.C. § 216(b); (b) IWPCA claims pursuant to 820 ILCS § 115/11; (c) IMWL claims pursuant to 820 ILCS 105/12(a); and (d) CMWO claims pursuant to Chi. Mun. Code § 1-24-110.

7. Bow Truss is a limited liability company organized under the laws of Illinois with their principal places of business at 2934 N. Broadway Street, in the city of Chicago, County of Cook, and State of Illinois.

8. Doejo is a limited liability company organized under the laws of the State of Illinois with its principal place of business located at 3128 N. Broadway Street, in the city of Chicago, County of Cook, and State of Illinois.

9. Upon information and belief, Philip Tadros is a natural person residing within the County of Cook and State of Illinois.

10. Upon information and belief, Darren Marshall is a natural person residing within the County of Cook and State of Illinois.

11. During the course of their employment, Plaintiffs, and similarly situated individuals, all: (a) handled goods that have moved in interstate commerce; (b) were "employees" of Defendant Bow Truss as that term is defined by the FLSA, IMWL, IWPCA, and CMWO; and (c) were "covered employees" as defined by the CMWO.

12. At all relevant times, Defendant Bow Truss (a) was a limited liability company organized under the laws of the State of Illinois; (b) conducted business in Illinois and within Cook County, Illinois; (c) was an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and was an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of the FLSA, § 203(s)(1)(A) and Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes; (d) had two or more employees who have handled goods which have moved in interstate commerce; and (e) was the "employer" of Plaintiffs as that term is defined by the FLSA, IMWL, IWPCA, and CWMO.

13. Venue is proper as, at all times material hereto, all incidents described in this complaint, unless otherwise noted, occurred in the County of Cook and State of Illinois.

### III. ALLEGATIONS OF FACT

#### A. *General*

14. Bow Truss is a chain of specialty coffee cafés which was organized as an Illinois limited liability company on November 30, 2011. *See* Exhibit A.

15. Bow Truss is a manager-managed limited liability company which is managed by Doejo, LLC, which, in turn, is a manager-managed limited liability company managed by Tadros and Marshall. *Id.*

16. Upon information and belief, at the height of its operations, Bow Truss operated ten café locations within Chicago, Illinois and employed approximately sixty individuals at any given time.

17. Bow Truss and Plaintiffs, and all similarly situated individuals, entered into employment agreements, within the meaning of the IWPCA, providing, *inter alia,* that employees:

   a. Were entitled to both (i) an hourly wage; and (ii) tips and gratuities provided by customers, which were collected in cash, electronically (reflecting credit and debit card transactions), and third party software applications;

   b. Would be paid on a bi-weekly basis by check at a specified location;

   c. Would have the opportunity to enroll in health insurance, dental insurance, and retirement savings plans; and

   d. Were (i) "at will;" and (ii) "non-exempt" as defined under applicable law. *See* 29 U.S.C. § 213.

18. Pursuant to their respective employment agreements, the following Plaintiffs began working as employees of Bow Truss, on, or about, the following dates in the described positions for the described hourly rates: (a) Krystal Smith, March 7, 2016, Barista, $9.00 an hour; (b) Trumaine Hardy, July 20, 2015, Barista, $9.00 an hour; (c) Bryce Lucas, February 8, 2016, Barista, $9.00 an hour; (d) Benjamin Creech, June 20, 2016, Barista, $9.00 an hour; (e) Jeffrey O'Malley, August 4, 2015, Barista, $9.00 an hour; (f) Robert Henry, June 1, 2016,

Production Assistant, $12.00 an hour; (g) Ethan Jantz, October 3, 2016, Barista, $10.50 an hour; (h) Chris Cowdrey, May 31, 2016, Production Assistant, $11.50 an hour; (i) Gabriela Campos, April 11, 2016, Barista, $9.00 an hour; and (j) Taylor Steele, August 23, 2016, Barista, $9.00 an hour.

19. On, or about, January 12, 2017, Bow Truss closed all ten of its Chicago café locations due to employee walkouts partly motivated by dissatisfaction with non-payment of wages, late payment of wages, and Tadros' management of the company.

20. Upon information and belief, to date, two Bow Truss locations have reopened.

### B. *Non-Payment of Overtime*

21. Upon information and belief, Bow Truss routinely operated with a policy and practice of not paying Plaintiffs, and all similarly situated individuals, overtime wages for hours worked in excess of forty hours in a work week.

22. Upon information and belief, this policy and practice continued from the beginning of Bow Truss' operation until on, or about, November 16, 2016.

23. As a result, all Plaintiffs, and similarly situated individuals, were not paid overtime wages as required by law.

### C. *Non-Payment of Wages and Tips*

24. Upon information and belief, Bow Truss routinely issued paychecks to Plaintiffs, and similarly situated individuals, which could not be processed because the Bow Truss had insufficient funds to cover the amount tendered.

25. Upon information and belief, Bow Truss routinely failed to pay Plaintiffs, and all similarly

situated individuals, their wages, as that term is defined by the IWPCA and failed to pay their tips and other compensation in a timely manner per their employment agreements and applicable law.

26. Upon information and belief, Bow Truss routinely failed to pay Plaintiffs, and all similarly situated individuals their final compensation, as that term is defined by the IWPCA, in a timely manner per their employment agreement and applicable law.

27. As a result, Plaintiffs, and similarly situated individuals, were not, and have not been, timely paid their full wages or final compensation as required by law.

### D. *Unlawful Wage Deductions*

28. Upon information and belief, Bow Truss represented to Plaintiffs, and similarly situated individuals, that Bow Truss would make deductions from the wages owed to Plaintiffs, and similarly situated individuals, for the purposes of tax withholdings and various benefit programs.

29. Upon information and belief, these benefits programs included a health insurance plan, a dental insurance plan, and a retirement savings plan.

30. Upon information and belief, Bow Truss made deductions for tax withholdings and the various benefit programs throughout the employment of Plaintiffs, and similarly situated individuals, but these deductions were not put towards their described purposes.

31. As a result, Plaintiffs, and similarly situated individuals, were not paid their full wages nor able to access their benefits as required by law.

### IV. FEDERAL RULE OF CIVIL PROCEDURE 23 CLASS ACTION ALLEGATIONS

32. Pursuant to Federal Rule of Civil Procedure 23, and as more fully set forth below, Plaintiffs bring Counts I-VII of this Complaint individually, and seek certification of the following classes during the relevant periods of limitations (each individually referred to as a "Class" or its respective individual class title—*e.g.* "Overtime Class"—and all collectively referred to as "Classes") of similarly situated persons: [1]

   a. *Overtime Class*: All non-exempt employees employed in Defendant Bow Truss' retail sales locations in the State of Illinois who worked in excess of forty hours in any workweek, at any time in the three years preceding the filing of this Complaint, up to and including the date of trial.

   b. *Wage Deduction Class*: All persons employed in Defendant Bow Truss' retail sales locations in the State of Illinois who had deductions made by Defendant Bow Truss or Doejo to their paychecks for tax, benefits, or similar purposes at any time in the ten years preceding the filing of this Complaint, up to and including the date of trial.

   c. *Non-Payment and Late Payment of Wages and Tips Class*: All persons employed in Defendant Bow Truss' retail sales locations in the State of Illinois who were not paid, or who received delayed payment, for wages and tips they were lawfully owed for work completed, at any time in the ten years preceding the filing of this Complaint, up to and including the date of trial.

33. Excluded from the Classes are current and former officers of Defendant, Defendants' counsel, Plaintiffs' counsel, and any member of the judiciary presiding over this action.

34. The Classes consisting of all such persons are so numerous as to make joinder impracticable. The exact number of class members is unknown to the representative plaintiffs but is believed to be in excess of one hundred. The exact number of class members is determinable from records maintained by defendant.

---

[1] Plaintiffs reserve the right to modify the Class definitions as appropriate.

35. Plaintiffs' claims are typical of the claims of the other members of the Classes. Pursuant to Federal Rule of Civil Procedure 23(b)(3), there are questions of law and fact common to all members of the class and those questions predominate over any question affecting only individual class members. Defendant has acted on grounds generally applicable to all class members.

36. Common questions of law and fact include, without limitation:

   a. Whether Defendant Bow Truss or Doejo failed to pay overtime to Plaintiffs and other members of the Overtime Class as set forth herein;

   b. Whether Defendant Bow Truss or Doejo made deductions to Plaintiffs' and other members of the Deduction Class' paychecks unlawfully.

   c. Whether Defendant Bow Truss or Doejo failed to pay, or unlawfully delayed payment to, Plaintiffs and other members of the Non-Payment and Late Payment of Wages and Tips Class.

   d. Whether Defendants' conduct violates the FLSA, IMWL, IWPCA, CMWO; and

   e. Whether Plaintiffs and the Classes are entitled to unpaid overtime, unlawfully deducted wages, unpaid or late paid wages, back pay, damages, and penalties allowed by applicable law.

37. Pursuant to Federal Rule of Civil Procedure 23(a)(3), Plaintiffs' wage and hour claims and Defendants' anticipated affirmative defenses thereto are typical of the claims of all Class members and of Defendants' anticipated affirmative defenses thereto. Defendants' act and omissions constitute a violation of the wage laws of the State of Illinois.

38. Plaintiffs will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims of the class. Plaintiffs are similarly situated with, and have suffered similar injuries as, the members of the class they seek to represent. Plaintiffs have been wronged, and wish to obtain redress and the unpaid wages to which they are entitled and want Defendants stopped from continuing to violate federal and state wage-hour laws with respect to similarly situated employees.

39. Plaintiffs have retained counsel competent to represent the Classes in class action litigation. Neither Plaintiffs nor their counsel have an interest which is in conflict with the Classes or which might cause them not to vigorously pursue this action.

40. Pursuant to Federal Rule of Civil Procedure 23(b)(1), class certification is appropriate here because the prosecution of separate actions by class members could result in either inconsistent adjudications establishing incompatible pay practices or could, as a practical matter, dispose of the legal claims of other Class members not parties to individual adjudications, which could substantially impede their ability to protect their interests.

41. A class action provides a superior and manageable method for fairly and efficiently adjudicating this controversy because, among other things, joinder of all members of the Classes is impracticable, and many members of the Classes cannot feasibly vindicate their rights by individual suits because the monetary value of their recoveries are outweighed by the burden and expense of litigating individual actions against Defendants.

42. Selected Plaintiffs have consented to be named class representatives in this class action. *See* Exhibit B.

## V. FLSA COLLECTIVE ACTION ALLEGATIONS

43. In the alternative to the foregoing "Federal Rule of Civil Procedure 23 Class Action

Allegations" Section IV of this complaint and in the case that Plaintiffs' motion to certify a comprehensive Federal Rule of Civil Procedure 23 class action for all Counts herein is denied, Plaintiffs also bring Counts I and IV individually and as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and seek certification of the following collectives during the relevant periods of limitations (each individually referred to as a "Collective" or its respective individual collective title—*e.g.* "Overtime Collective"—and all collectively referred to as "Collectives") on behalf of themselves and all similarly situated persons:[2]

    a. *Overtime Collective*: All persons employed in Defendant Bow Truss' retail sales locations in the State of Illinois, except store managers, who worked in excess of forty hours in any workweek, at any time in the three years preceding the filing of this Complaint, up to and including the date of trial.

    b. *Wages and Tips Collective:* All persons employed in Defendant Bow Truss' retail sales locations in the State of Illinois, except store managers, who did not receive the wages and tips they were lawfully owed for work completed, at any time in the three years preceding the filing of this Complaint, up to and including the date of trial.

44. Excluded from the above Collectives are current and former executives and officers of the Defendant, Defendants' counsel, Plaintiffs' counsel, and any member of the judiciary presiding over this action.

45. An FLSA collective action will benefit Plaintiffs and other employees who were similarly subject to Defendant Bow Truss and Doejo's practice of failing to correctly pay (a) overtime wages and (b) tips.

---

[2] Plaintiffs reserve the right to modify these, and all other, Collective definitions as appropriate.

46. The number and identity of such similarly situated employees are ascertainable from Defendants' records.

47. The facts set forth here satisfy the lenient requirements for maintenance of a collective action under the FLSA, § 216(b), and notice should be sent to members of all Collectives.

48. Selected Plaintiffs consent to join this collective action.  *See* Exhibit B.

## VI.    IWPCA COLLECTIVE ACTION ALLEGATIONS

49. In the alternative to the foregoing "Federal Rule of Civil Procedure 23 Class Action Allegations" Section IV of this complaint and in the case that Plaintiffs' motion to certify a comprehensive Federal Rule of Civil Procedure 23 class action for all Counts herein is denied, Plaintiffs bring Counts V and VI individually and as a collective action pursuant to the IWPCA, 820 ILCS 115/11, and seek certification of the following collectives during the relevant periods of limitations (each individually referred to as a "Collective" or its respective individual collective title—*e.g.* "Wage Payment Collective"—and all collectively referred to as "Collectives") on behalf of themselves and all similarly situated persons:

   a. *Wage Payment Collective:* All persons in Defendant Bow Truss' retail sales locations in the State of Illinois, except store managers, whom Defendants failed to lawfully compensate within the periods prescribed by the IWPCA, 820 ILCS 115/4, at any time during the ten years preceding the filing of this Complaint, up to and including the date of trial.

   b. *Wage Deductions Provision:* All persons in Defendant Bow Truss' retail sales locations in the State of Illinois, except store managers, who had deductions made by Defendant Bow Truss or Doejo to their paychecks in violation of 820 ILCS 115/9, at any time in the ten years preceding the filing of this Complaint, up to and including the date of trial.

50. Excluded from the above Collectives are current and former executives and officers of the Defendant, Defendants' counsel, Plaintiffs' counsel, and any member of the judiciary presiding over this action.

51. An IWPCA collective action will benefit Plaintiffs and other employees who were similarly subject to Defendant Bow Truss and Doejo's practice of (a) failing to correctly pay wages in a timely fashion or at all; and (b) unlawfully deducting wages from employee paychecks.

52. The number and identity of such similarly situated employees are ascertainable from Defendants' records.

53. The facts set forth here satisfy the lenient requirements for maintenance of a collective action under the IWPCA, 820 ILCS 115/11.

54. Selected Plaintiffs consent to join this collective action.  *See* <u>Exhibit B</u>.

## VI. CAUSES OF ACTION

### *Count I – Violation of FLSA Overtime Provisions*

55. Plaintiffs, and all similarly situated individuals, incorporate and reallege the allegations contained in all foregoing paragraphs as though fully set forth herein.

56. This Count arises from Defendants' failure to pay Plaintiffs, and similarly situated individuals, overtime wage rates per the FLSA's overtime provisions. *See supra* Complaint, ¶¶ 15-21 and ¶¶ 22-24 (Non-Payment of Overtime).

57. 29 U.S.C. § 207(a)(1) requires:

> *"Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."*

58. 29 U.S.C. § 216(b) provides:

> "*Any employer who violates the provisions of [..] section 207 of this title shall be liable to the employee or employees affected in the amount of [...] their unpaid overtime compensation [...] and in an additional equal amount as liquidated damages. [...] The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.*"

59. 29 U.S.C. § 203(d) provides:

> "*'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee [...]*"

60. Plaintiffs, and all similarly situated individuals, were "employees" as defined within the FLSA, § 203(e)(1).

61. Defendant Bow Truss was both an "enterprise" and an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, §§ 203(r)–(s).

62. Defendant Bow Truss was an "employer" as defined in the FLSA, § 203(d).

63. Upon information and belief, Defendants Doejo, Tadros, and Marshall were "acting directly or indirectly in the interest of [Bow Truss] in relation to an employee" and therefore also "employers" as defined in the FLSA, § 203(d).

64. Upon information and belief, Bow Truss employed Plaintiffs, and all other similarly situated individuals, for multiple workweeks of greater than forty hours without paying compensation for their employment in excess of forty hours within a workweek at a rate not less than one and one-half times the regular rate at which they were employed, in violation of the FLSA, § 207(a)(1).

65. Bow Truss did not pay Plaintiffs, and all similarly situated individuals, overtime rates for all hours worked in excess of forty hours within individual work weeks.

66. Plaintiffs, and similarly situated individuals, were not exempt from the overtime provisions

of the FLSA.

67. Upon information and belief, Defendants' failure was not "in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the [the Administrator of the Department of Labor, Wage and Hour Division], or any administrative practice or enforcement policy of such agency with respect to the class of employers to which he belonged" as defined in 29 U.S.C. § 259(a), but, rather, was a willful violation of the FLSA.

68. Plaintiffs, and other similarly situated employees, are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendant's violation of the FLSA was willful.

WHEREFORE, Plaintiffs, and all similarly situated individuals, pray for a judgment against Defendants as follows:

a. That this Court: (i) find that this cause of action may be maintained as a class action for the Overtime Class (defined *supra*) pursuant to Federal Rule of Civil Procedure 23 and appoint Plaintiffs as Class representatives and Plaintiffs' counsel as class counsel; or (ii) in the alternative, find that this cause of action may be maintained as a collective action for the Overtime Collective (defined *supra*) pursuant to the FLSA;

b. For the Overtime Class, Overtime Collective, or each Plaintiff, a judgment in the amount of the difference between the federally mandated overtime wage rate due and owing to every Plaintiff and similarly situated individual and the hourly wage rate actually paid to individual Plaintiffs and similarly situated employees, itemized and made payable individually to all Plaintiffs and similarly situated individuals;

c. For the Overtime Class, Overtime Collective, or each Plaintiff, liquated damages in the amount equal to the unpaid overtime wages;

d. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

e. Such other and further relief as this Court deems appropriate and just.

### Count II – Violation of IMWL Overtime Provisions

69. Plaintiffs, and all similarly situated individuals, incorporate and reallege the allegations contained in all foregoing paragraphs as though fully set forth herein.

70. This Count arises from Bow Truss' failure to pay Plaintiffs, and similarly situated individuals, overtime wage rates per the IMWL overtime provisions. *See supra* Complaint ¶¶ 15-21 and ¶¶ 22-24 (Non-Payment of Overtime).

71. 820 ILCS 105/3(c) provides:

> *"'Employer' includes any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year."*

72. 820 ILCS 105/4a(1) provides:

> *"Except as otherwise provided in this Section, no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed."*

73. 820 ILCS 105/12 provides:

> *"If any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid."*

74. Bow Truss was a "limited liability company . . . for which one or more persons [were] gainfully employed" and therefore "employers" as defined within the IMWL, 820 ILCS 105/3(c).

75. Upon information and belief, Defendants Doejo, Tadros, and Marshall were "acting directly or indirectly in the interest of [Bow Truss] in relation to an employee" and therefore also "employers" as defined within the IMWL, 820 ILCS 105/3(c).

76. Upon information and belief, Bow Truss employed Plaintiffs, and other similarly situated individuals, for multiple workweeks of greater than forty hours without paying compensation for their employment in excess of forty hours within a workweek at a rate not less than one and one-half times the regular rate at which they were employed.

WHEREFORE, Plaintiffs, and all similarly situated individuals, pray for a judgment against Defendants as follows:

a. That this Court find that this cause of action may be maintained as a class action for the Overtime Class (defined *supra*) pursuant to Federal Rule of Civil Procedure 23 and appoint Plaintiffs as Class representatives and Plaintiffs' counsel as class counsel;

b. For the Overtime Class or each Plaintiff, a judgment in the amount of all underpayments due to Plaintiffs and similarly situated individuals as provided by the IMWL, as calculated by the difference, in U.S. dollars, between the amount of all wages Defendant was required to pay to each Plaintiff and all similarly situated individuals pursuant to the

IMWL, and the amount, in U.S. dollars, of all wages actually paid individually to all Plaintiffs and similarly situated individuals, itemized and made payable individually to all Plaintiffs and similarly situated individuals;

c.  For the Overtime Class or each Plaintiff, Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

d.  Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

e.  Such other and further relief as this Court deems appropriate and just.

### Count III – Violation of CMWO Overtime Provisions

77. Plaintiffs, and all similarly situated individuals, incorporate and reallege the allegations contained in all foregoing paragraphs as though fully set forth herein.

78. This Count arises from Defendants' failure to pay Plaintiffs, and similarly situated individuals, overtime wage rates per the CMWO overtime provisions. *See supra* Complaint ¶¶ 15-21 and ¶¶ 22024 (Non-Payment of Overtime).

79. Chi. Mun. Code § 1-24-040 provides:

> "The **Wages set out in Sections 1-24-020 and 1-24-030 are subject to the overtime compensation provisions in the [Illinois Minimum Wage Law, 820 ILCS 105/1 et seq.]**" *(emphasis added).*

80. Chi. Mun. Code § 1-24-030(a) requires:

> "*Every Employer of a Covered Employee engaged in an Occupation in which Gratuities have customarily and usually constituted part of the remuneration shall pay no less than the following Wages to each Covered Employee for each hour of work performed for that Employer while physically present within the geographic boundaries of the City […]*"

81. Chi. Mun. Code § 1-24-010 provides:

> *"Covered Employee" means any Employee who is not subject to any of the exclusions set out in Section 1-24-050 below, and who, in any particular two-week period, performs at least two hours of work for an Employer while physically present within the geographic boundaries of the City. […]*
>
> *"Employee", "Gratuities", and "Occupation" have the meanings ascribed to those terms in the Minimum Wage Law, […]*
>
> *"Employer" means any individual, partnership, association, corporation, limited liability company, business trust, or any person or group of persons that gainfully employs at least one Covered Employee. To qualify as an Employer, such individual, group, or entity must (1) maintain a business facility within the geographic boundaries of the City and/or (2) be subject to one or more of the license requirements in Title 4 of this Code.*

82. Chi. Mun. Code § 1-24-110 provides:

> *"If any Covered Employee is paid by his Employer less than the Wage to which he is entitled under this chapter, the Covered Employee may recover in a civil action three times the amount of any such underpayment, together with costs and such reasonable attorney's fees as the court allows."*

83. Plaintiffs, and all other similarly situated individuals, are "Employees" and "Covered employee[s]" as defined within the CMWO, § 1-24-010.

84. Bow Truss is an "Employer," as defined within the CMWO, § 1-24-010, who employed "a Covered Employee engaged in an Occupation in which Gratuities have customarily and usually constituted part of the remuneration." CMWO, § 1-24-030(a).

85. Upon information and belief, Bow Truss employed Plaintiffs, and all other similarly situated individuals for multiple workweeks of greater than forty hours without paying "Wages," for their employment in excess of forty hours within a workweek at a rate not less than one and one-half times the regular rate at which they were employed in violation of the CMWO.

WHEREFORE, Plaintiffs, and all similarly situated individuals, pray for a judgment against Bow Truss as follows:

A.  That this Court find that this cause of action may be maintained as a class action for the

Overtime Class (defined *supra*) pursuant to Federal Rule of Civil Procedure 23 and appoint Plaintiffs as Class representatives and Plaintiffs' counsel as class counsel;

B. For the Overtime Class or each Plaintiff, a judgment in the amount of three times the amount of all underpayments individually due and owing to all Plaintiffs, and all other similarly situated individuals, as provided by the CMWO, § 1-24-110, itemized and made payable individually to all Plaintiffs and similarly situated individuals;

C. Reasonable attorneys' fees and costs of this action as provided by the CMWO, § 1-24-110; and

D. Such other and further relief as this Court deems appropriate and just.

### *Count IV – Violation of FLSA Wage and Tips Provisions*

86. Plaintiffs, and all similarly situated individuals, incorporate and reallege the allegations contained in all foregoing paragraphs as though fully set forth herein.

87. This Count arises from Defendants' failure to pay Plaintiffs, and similarly situated employees, wages and tips they were owed during the course of their employment. *See supra* Complaint ¶¶ 15-21 and ¶¶ 25-28 (Non-Payment of Wages and Tips).

88. 29 CFR § 531.52 (as amended by 76 Fed.Reg. 18, 832, April 5, 2011) provides:

> *"A tip is a sum presented by a customer as a gift or gratuity in recognition of some service performed for him. It is to be distinguished from payment of a charge, if any, made for the service. Whether a tip is to be given, and its amount, are matters determined solely by the customer, who has the right to determine who shall be the recipient of the gratuity.* **Tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA. The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section 3(m): As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool.** *Only tips actually received by an employee as money belonging to the employee may be counted in determining whether the person is a "tipped employee" within the meaning of the Act and in applying the provisions of section 3(m) which govern wage credits for tips."* (emphasis added).

89. 28 CFR § 531.54 provides:

> *"With the exception of tips contributed to a valid tip pool as described in § 531.54, the tip credit provisions of section 3(m) also require employers to permit employees to retain all tips received by the employee."*

90. 29 U.S.C. § 206 provides:

> *"Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates [...]"*

91. 29 U.S.C. § 216(b):

> *"Any employer who violates the provisions of section 206 [...] of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, [...] and in an additional equal amount as liquidated damages. [...] An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. [...] The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."*

92. 29 U.S.C. § 207 (d) provides:

> *"'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee [...]"*

93. Plaintiffs, and all others similarly situated individuals, were "tipped employees" as defined within 29 U.S.C. § 203(t).

94. Defendants Bow Truss, Doejo, Tadros, and Marshall were all "employers" as defined within 29 U.S.C. § 203(d).

95. Upon information and belief, Defendants have unlawfully converted, withheld, deducted, or otherwise failed to pay Plaintiffs, and all other similarly situated individuals, their tips which, per 28 C.F.R. §§ 531.52 and 531.54, constitute their "wages."

96. Upon information and belief, this unlawful conversion, withholding, deduction, and failure to pay includes, but is not limited to, tips owed to Plaintiffs, and similarly situated individuals, as collected by Defendants in cash, electronically, and through third party software applications.

WHEREFORE, Plaintiffs, and all similarly situated individuals, pray for a judgment against Defendant Bow Truss as follows:

a. That this Court find that (i) this cause of action may be maintained as a class action for the Non-Payment and Late Payment of Wages and Tips Class (defined *supra*) pursuant to Federal Rule of Civil Procedure 23 and appoint Plaintiffs as Class representatives and Plaintiffs' counsel as class counsel; or (ii) in the alternative, this cause of action may be maintained as a collective action for the Wages and Tips Collective (defined *supra*) pursuant to the FLSA;

b. For the Non-Payment and Late Payment of Wages and Tips Class, the Wages and Tips Collective, or each Plaintiff, a judgment in the amount of the unpaid wages and tips owed individually to each Plaintiff and all similarly situated individuals, itemized

and made individually payable to each individual Plaintiff, and all similarly situated individuals, as calculated by the difference between the amount in U.S. dollars that was required to be paid by Defendant to each and every Plaintiff and similarly situated individual pursuant to the FLSA throughout the course of employment of each Plaintiff, and similarly situated individuals, and the actual amount of wages and tips paid by Defendant individually to each Plaintiff, and all similarly situated individuals, during said time frame.

c. For the Non-Payment and Late Payment of Wages and Tips Class, the Wages and Tips Collective, or each Plaintiff, Liquated damages in the amount equal to the unpaid wages and tips;

d. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

e. Such other and further relief as this Court deems appropriate and just.

*Count V – Violation of IWPCA Payment of Wages and Final Compensation Provisions*

97. Plaintiffs, and all similarly situated individuals, incorporate and reallege the allegations contained in all foregoing paragraphs as though fully set forth herein.

98. This Count arises from Defendants' failure to pay Plaintiffs, and similarly situated individuals, wages and final compensation owed to them in a timely matter. *See supra* Complaint ¶¶ 15-21 and ¶¶ 25-28 (Non-Payment of Wages and Tips).

99. 820 ILCS 115/2 provides that:

*"[W]ages" shall be defined as any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties [...] "[F]inal compensation" [...] shall be defined as wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the 2 parties [...] "[E]mployer" shall include any individual [...] limited liability company [...] acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons is gainfully employed [...] "[E]mployee" shall include any individual permitted to work by an employer in an occupation [...]"* (emphasis added).

100.    820 ILCS 115/4 requires that:

*"All wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned."*

101.    820 ILCS 115/5 requires that:

*"Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."*

102.    820 ILCS 115/14(a) provides that:

*"Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a claim filed [...] in a civil action, [...] the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees."*

103.    820 ILCS 115/13 provides that:

*"In addition to an individual who is deemed to be an employer pursuant to Section 2 of this Act, any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation."*

104.    Bow Truss was an "employer" within the meaning of the IWPCA, 820 ILCS 115/2.

Upon information and belief, Defndants Doejo, Tadros, and Marshall were "employers" within the meaning of the IWPCA, 820 ILCS 115/13.

105.   Plaintiffs, and all other similarly situated individuals, were "employees" from the date of their hiring until their termination, after which they became "separated employees," as those terms are used within the IWPCA, 820 ILCS 115/2.

106.   Plaintiffs, similarly situated individuals, and Bow Truss had entered into an "employment contract or agreement", as that term is used within the IWPCA, 820 ILCS 115/2, which provided for bi-weekly pay periods.

107.   The employment agreements of Plaintiffs, and similarly situated individuals, provided for payment of wages including hourly wages as well as tips and gratuities.

108.   Tips and gratuities are "compensation owed an employee by an employer pursuant to an employment contract or agreement," which constitute "wages" under the IWPCA, 820 ILCS 115/2.

109.   Upon information and belief, numerous times throughout the employment of Plaintiffs, and similarly situated individuals, Bow Truss violated 820 ILCS 115/4 by failing to pay Plaintiffs, and all similarly situated individuals, their full wages—which included tips and gratuities as collected in cash, electronically, and through third party software applications—at all.

110.   Upon information and belief, numerous times throughout the employment of Plaintiffs, and similarly situated individuals, Bow Truss violated 820 ILCS 115/4 by failing to pay Plaintiffs, and similarly situated individuals, their wages within thirteen days of the end of their bi-weekly pay periods.

111.   Upon information and belief, Bow Truss violated 820 ILCS 115/5 by failing to pay

Plaintiffs, and similarly situated individuals, their final compensation by their next regularly scheduled payday.

112.    Upon information and belief, Defendants Doejo, Tadros, and Marshall knowingly permitted Defendants Bow Truss and Doejo to violate the IWPCA as described above.

113.    WHEREFORE, Plaintiffs, and all similarly situated individuals, pray for a judgment against all Defendants as follows:

   a.   That this Court find that (i) this cause of action may be maintained as a class action for the Non-Payment and Late Payment of Wages and Tips Class (defined *supra*) pursuant to Federal Rule of Civil Procedure 23 and appoint Plaintiffs as Class representatives and Plaintiffs' counsel as class counsel; or (ii) in the alternative, this cause of action may be maintained as a collective action for the Wage Payment Collective (defined *supra*) pursuant to the IWPCA;

   b.   For the Non-Payment and Late Payment of Wages and Tips Class, Wage Payment Collective, or each Plaintiff, a judgment in the amount of all underpayments in the form of back wages and final compensation due to Plaintiffs, and all similarly situated individuals, itemized and made payable to each individual Plaintiff and all similarly situated individuals, as calculated by the difference in U.S. dollars between the individual payments owed to each and every Plaintiff and all similarly situated individuals as were required by the IWPCA, and the individual payments actually made by Defendants to each and every Plaintiff and all similarly situated individuals;

   c.   For the Non-Payment and Late Payment of Wages and Tips Class, Wage Payment Collective, or each Plaintiff, Additional damages of 2% for the amount of each and every

underpayment for each month following the date of payment during which

underpayments remained unpaid;

d.  Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

e.  Such other and further relief as this Court deems appropriate and just.

### Count VI – Violation of IWPCA Wage Deductions Provisions

114.  Plaintiffs, and all similarly situated individuals, incorporate and reallege the allegations

contained in all foregoing paragraphs as though fully set forth herein.

115.  This Count arises from Defendants' unlawful deductions made from wages owed to

Plaintiffs, and similarly situated individuals, during the course of their employment. *See*

*supra* Complaint ¶¶ 15-21 and ¶¶ 29-32 (Unlawful Wage Deductions).

116.  820 ILCS 115/9 provides:

> *"Except as hereinafter provided, deductions by employers from wages or final compensation are prohibited unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made; [...]"*

117.  820 ILCS 115/14(a) provides that:

> *"Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a claim filed [...] in a civil action, [...] the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees."*

118.  Upon information and belief, Defendants Doejo, Tadros, and Marshall were "employers"

within the meaning of the IWPCA, 820 ILCS 115/13.

119.  Upon information and belief, Bow Truss deducted wages from the paychecks of

Plaintiffs, and all other similarly situated individuals, for multiple reasons, including, but not limited to, tax withholdings, insurance plan premiums, and retirement savings plans.

120.   Upon information and belief, Bow Truss' deductions were unlawful as these deductions were not actually made for, nor applied towards, the reasons stated for the deductions.

121.   These deductions were not otherwise as "(1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; [or] (4) made with the express written consent of the employee, given freely at the time the deduction is made . . . ." as required by 820 ILCS 115/9.

122.   Upon information and belief, Defendant Bow Truss did not pay Plaintiffs, and all other similarly situated individuals, their wages or final compensations owed to them—including the sum of the unlawful deductions described above—by their next regularly scheduled payday or after their termination dates.

123.   Upon information and belief, Defendants Doejo, Tadros, and Marshall knowingly permitted Defendants Bow Truss and Doejo to violate the IWPCA as described above.

124.   WHEREFORE, Plaintiffs, and all similarly situated individuals, pray for a judgment against all Defendants as follows:

a.   That this Court find that (i) this cause of action may be maintained as a class action for the Wage Deduction Class (defined *supra*) pursuant to Federal Rule of Civil Procedure 23 and appoint Plaintiffs as Class representatives and Plaintiffs' counsel as class counsel; or (ii) in the alternative, this cause of action may be maintained as a collective action for the Wage Deduction Collective (defined *supra*) pursuant to the IWPCA;

b.  For the Wage Deductive Class, Wage Deduction Collective, or each Plaintiff, a judgment in the amount of all underpayments, payable to each Plaintiff and any and all other similarly situated individuals, resulting from unlawful deductions from Plaintiffs', and all similarly situated individuals, wages as provided by the IWPCA;

c.  For the Wage Deductive Class, Wage Deduction Collective, or each Plaintiff, additional damages of 2% for the amount of each and every underpayment payable to each Plaintiff and any and all other similarly situated individuals, for each month following the date of payment during which each underpayment remained unpaid;

d.  Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

e.  Such other and further relief as this Court deems appropriate and just.

## CONCLUSION

**WHEREFORE**, Plaintiffs, on behalf of themselves individually, and on behalf of all others similarly situated, pray that this Court enter judgment in favor of Plaintiffs, and all similarly situated individuals, against Defendants as described above in the separate prayers for relief included with each count.

Respectfully Submitted,

Counsel for Plaintiffs

Cameron & Kane, LLC

Scott Kane Stukel                                    By: */s/ Scott Kane Stukel*
2864 N. Milwaukee Ave.                                One of Plaintiffs' Attorneys
Chicago, IL 60618
Telephone No.: (872) 588-0727
Facsimile No.: (312) 268-7478
Email: scott@cameronandkane.com

Colin Cameron                                    By: */s/ Colin Cameron*
2864 N. Milwaukee Ave.                                One of Plaintiffs' Attorneys
Chicago, IL 60618
Telephone No.: (872) 588-0727
Facsimile No.: (312) 268-7478
Email: colin@cameronandkane.com

# **EXHIBIT A**

# OFFICE OF THE ILLINOIS SECRETARY OF STATE

## JESSE WHITE
### SECRETARY OF STATE

## LLC FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| File Number | 03741052 | | |
| Entity Name | BOW & TRUSS, LLC | | |
| Status | ACTIVE | On | 12/19/2016 |
| Entity Type | LLC | Type of LLC | Domestic |
| File Date | 11/30/2011 | Jurisdiction | IL |
| Agent Name | PHILIP TADROS | Agent Change Date | 11/30/2011 |
| Agent Street Address | 2934 N BROADWAY | Principal Office | 2934 N BROADWAY CHICAGO, IL 60657 |
| Agent City | CHICAGO | Management Type | MGR   View |
| Agent Zip | 60657 | Duration | PERPETUAL |
| Annual Report Filing Date | 12/19/2016 | For Year | 2016 |
| Assumed Name | ACTIVE - BOW TRUSS COFFEE ROASTERS | | |
| Old LLC Name | 12/16/2011 - THE POUR OVER COFFEE COMPANY, LLC | | |
| Series Name | NOT AUTHORIZED TO ESTABLISH SERIES | | |

Return to the Search Screen

Select Certificate of Good Standing for Purchase
**(One Certificate per Transaction)**

## OTHER SERVICES

File Annual Report

Adopting Assumed Name

Articles of Amendment Effecting A Name Change

Change of Registered Agent and/or Registered Office Address

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



## LLC MANAGERS

| Entity Name | BOW & TRUSS, LLC | File Number | 03741052 |
|---|---|---|---|

| Name | Address |
|---|---|
| DOEJO LLC 0316 301 6 | 2934 N BROADWAY, CHICAGO, IL - 60657 |

**Close**

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



## LLC FILE DETAIL REPORT

| File Number | 03163016 | | |
|---|---|---|---|
| Entity Name | DOEJO LLC | | |
| Status | ACTIVE | On | 09/07/2016 |
| Entity Type | LLC | Type of LLC | Domestic |
| File Date | 09/08/2009 | Jurisdiction | IL |
| Agent Name | PHILIP TADROS | Agent Change Date | 08/15/2012 |
| Agent Street Address | 3128 N BROADWAY ST | Principal Office | 3128 N BROADWAY ST CHICAGO, IL 606574523 |
| Agent City | CHICAGO | Management Type | MGR  View |
| Agent Zip | 60657 | Duration | PERPETUAL |
| Annual Report Filing Date | 09/07/2016 | For Year | 2016 |
| Assumed Name | ACTIVE - REELAGRAM | | |
| Series Name | NOT AUTHORIZED TO ESTABLISH SERIES | | |

Return to the Search Screen

Select Certificate of Good Standing for Purchase

**(One Certificate per Transaction)**

## OTHER SERVICES

File Annual Report

Adopting Assumed Name

Articles of Amendment Effecting A Name Change

Change of Registered Agent and/or Registered Office Address

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



## LLC MANAGERS

| Entity Name | DOEJO LLC | File Number | 03163016 |
|---|---|---|---|

| Name | Address |
|---|---|
| TADROS, PHILIP | 420 W BELMONT AVE #30A, CHICAGO, IL - 60657 |
| MARSHALL, DARREN | 3128 N BROADWAY, CHICAGO, IL - 606574523 |

Close

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

# EXHIBIT B

## PLAINTIFF CONSENT TO JOIN FORM

*Overtime, Wage Deduction, and Wage Theft Litigation Against*
*Bow & Truss, LLC; Doejo, LLC; Philip Tadros; and Darren Marshall*

*Case No. 17-cv-01809*

[✓] *Overtime Class.* On one or more occasions within the past three years, I was not paid or not timely paid all overtime wages for work I performed for Bow & Truss, LLC.

[ ] *Wage Deduction Class.* On one or more occasions within the past ten years, tax, benefits, and / or retirement deductions were made from my Bow & Truss, LLC paycheck which was not put to the purpose deducted for, and which I did not authorize, or for which I did not receive the corresponding benefit.

[✓] *Wages and Tips Class.* On one or more occasions within the past three years, I was not paid wages and / or tips for work I performed for Bow & Truss, LLC.

[✓] *Non-Payment and Late-Payment Class.* On one or more occasions within the past ten years, I was not paid or not timely paid all wages and / or tips for work I performed for Bow & Truss, LLC.

I consent to join class litigation as a plaintiff concerning the above matters against Bow &

Truss, LLC; Doejo, LLC; Philip Tadros; and Darren Marshall for violations of federal, state, and

municipal law including, *inter alia*, a) The Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et*

*seq*.; (b) The Illinois Wage Payment and Collections Act (IWPCA), 820 ILCS 115/1, *et seq*.; (c)

The Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq*.; and (d) The Chicago

Minimum Wage Ordinance (CMWO) Chi., Ill. Mun. Code § 1-24-010, *et seq*.

I choose Cameron & Kane, LLC in Chicago, Illinois to represent me in every aspect of this case.

_____     _____
Signature                                              Date

_____
Printed Full Name

**Signature:** *Krystal Smith (Aug 11, 2017)*

**Email:** krystalkrash@gmail.com

## PLAINTIFF CONSENT TO JOIN FORM

*Overtime, Wage Deduction, and Wage Theft Litigation Against*
*Bow & Truss, LLC; Doejo, LLC; Philip Tadros; and Darren Marshall*

*Case No. 17-cv-01809*

[ ✓ ] *Overtime Class*. On one or more occasions within the past three years, I was not paid or not timely paid all overtime wages for work I performed for Bow & Truss, LLC.

[  ] *Wage Deduction Class*. On one or more occasions within the past ten years, tax, benefits, and / or retirement deductions were made from my Bow & Truss, LLC paycheck which was not put to the purpose deducted for, and which I did not authorize, or for which I did not receive the corresponding benefit.

[ ✓ ] *Wages and Tips Class*. On one or more occasions within the past three years, I was not paid wages and / or tips for work I performed for Bow & Truss, LLC.

[ ✓ ] *Non-Payment and Late-Payment Class*. On one or more occasions within the past ten years, I was not paid or not timely paid all wages and / or tips for work I performed for Bow & Truss, LLC.

I consent to join class litigation as a plaintiff concerning the above matters against Bow & Truss, LLC; Doejo, LLC; Philip Tadros; and Darren Marshall for violations of federal, state, and municipal law including, *inter alia*, a) The Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*.; (b) The Illinois Wage Payment and Collections Act (IWPCA), 820 ILCS 115/1, *et seq*.; (c) The Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq*.; and (d) The Chicago Minimum Wage Ordinance (CMWO) Chi., Ill. Mun. Code § 1-24-010, *et seq*.

I choose Cameron & Kane, LLC in Chicago, Illinois to represent me in every aspect of this case.

_____          _____
Signature                                                          Date

_____
Printed Full Name

**Signature:** *Trumaine Hardy*
Trumaine Hardy (Aug 11, 2017)

**Email:** th2285@gmail.com

## PLAINTIFF CONSENT TO JOIN FORM

### *Overtime, Wage Deduction, and Wage Theft Litigation Against Bow & Truss, LLC; Doejo, LLC; Philip Tadros; and Darren Marshall*

### *Case No. 17-cv-01809*

[  ] *Overtime Class*. On one or more occasions within the past three years, I was not paid or not timely paid all overtime wages for work I performed for Bow & Truss, LLC.

[  ] *Wage Deduction Class*. On one or more occasions within the past ten years, tax, benefits, and / or retirement deductions were made from my Bow & Truss, LLC paycheck which was not put to the purpose deducted for, and which I did not authorize, or for which I did not receive the corresponding benefit.

[✓] *Wages and Tips Class*. On one or more occasions within the past three years, I was not paid wages and / or tips for work I performed for Bow & Truss, LLC.

[✓] *Non-Payment and Late-Payment Class*. On one or more occasions within the past ten years, I was not paid or not timely paid all wages and / or tips for work I performed for Bow & Truss, LLC.

I consent to join class litigation as a plaintiff concerning the above matters against Bow & Truss, LLC; Doejo, LLC; Philip Tadros; and Darren Marshall for violations of federal, state, and municipal law including, *inter alia*, a) The Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*.; (b) The Illinois Wage Payment and Collections Act (IWPCA), 820 ILCS 115/1, *et seq*.; (c) The Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq*.; and (d) The Chicago Minimum Wage Ordinance (CMWO) Chi., Ill. Mun. Code § 1-24-010, *et seq*.

I choose Cameron & Kane, LLC in Chicago, Illinois to represent me in every aspect of this case.

_____        _____
Signature                                                            Date

_____
Printed Full Name

**Signature:** *Benjamin H Creech*
Benjamin H Creech (Aug 11, 2017)

**Email:** benhcreech@gmail.com

## PLAINTIFF CONSENT TO JOIN FORM

*Overtime, Wage Deduction, and Wage Theft Litigation Against*
*Bow & Truss, LLC; Doejo, LLC; Philip Tadros; and Darren Marshall*

*Case No. 17-cv-01809*

[✓] *Overtime Class*. On one or more occasions within the past three years, I was not paid or not timely paid all overtime wages for work I performed for Bow & Truss, LLC.

[✓] *Wage Deduction Class*. On one or more occasions within the past ten years, tax, benefits, and / or retirement deductions were made from my Bow & Truss, LLC paycheck which was not put to the purpose deducted for, and which I did not authorize, or for which I did not receive the corresponding benefit.

[ ] *Wages and Tips Class*. On one or more occasions within the past three years, I was not paid wages and / or tips for work I performed for Bow & Truss, LLC.

[ ] *Non-Payment and Late-Payment Class*. On one or more occasions within the past ten years, I was not paid or not timely paid all wages and / or tips for work I performed for Bow & Truss, LLC.

I consent to join class litigation as a plaintiff concerning the above matters against Bow & Truss, LLC; Doejo, LLC; Philip Tadros; and Darren Marshall for violations of federal, state, and municipal law including, *inter alia*, a) The Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*.; (b) The Illinois Wage Payment and Collections Act (IWPCA), 820 ILCS 115/1, *et seq*.; (c) The Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq*.; and (d) The Chicago Minimum Wage Ordinance (CMWO) Chi., Ill. Mun. Code § 1-24-010, *et seq*.

I choose Cameron & Kane, LLC in Chicago, Illinois to represent me in every aspect of this case.

_____          _____
Signature                                                          Date

_____
Printed Full Name

**Signature:** *Jeffrey B O'Malley*
Jeffrey B O'Malley (Aug 11, 2017)

**Email:** omalleyjeffrey0@gmail.com

## PLAINTIFF CONSENT TO JOIN FORM

*Overtime, Wage Deduction, and Wage Theft Litigation Against*
*Bow & Truss, LLC; Doejo, LLC; Philip Tadros; and Darren Marshall*

*Case No. 17-cv-01809*

[✓] *Overtime Class.* On one or more occasions within the past three years, I was not paid or not timely paid all overtime wages for work I performed for Bow & Truss, LLC.

[  ] *Wage Deduction Class.* On one or more occasions within the past ten years, tax, benefits, and / or retirement deductions were made from my Bow & Truss, LLC paycheck which was not put to the purpose deducted for, and which I did not authorize, or for which I did not receive the corresponding benefit.

[✓] *Wages and Tips Class.* On one or more occasions within the past three years, I was not paid wages and / or tips for work I performed for Bow & Truss, LLC.

[✓] *Non-Payment and Late-Payment Class.* On one or more occasions within the past ten years, I was not paid or not timely paid all wages and / or tips for work I performed for Bow & Truss, LLC.

I consent to join class litigation as a plaintiff concerning the above matters against Bow & Truss, LLC; Doejo, LLC; Philip Tadros; and Darren Marshall for violations of federal, state, and municipal law including, *inter alia*, a) The Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*; (b) The Illinois Wage Payment and Collections Act (IWPCA), 820 ILCS 115/1, *et seq.*; (c) The Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.*; and (d) The Chicago Minimum Wage Ordinance (CMWO) Chi., Ill. Mun. Code § 1-24-010, *et seq.*

I choose Cameron & Kane, LLC in Chicago, Illinois to represent me in every aspect of this case.

_____          _____
Signature                                                      Date

_____
Printed Full Name

**Signature:** *Gabriela Campos*
Gabriela Campos (Aug 11, 2017)

**Email:** gabbycampos31@gmail.com